## Sapper, Appellant, *v.* Campbell et al.

*Insurance—Insurance policies—Proof of loss—Dispute—Umpire —Appointment—Validity.*

An appointment of an umpire, under the provisions of the Act of June 8, 1915, P. L. 919, to adjust a loss covered by a policy of insurance, is valid when made by a judge of the County Court of Allegheny County.

The statute does not require notice of the time and place when and where the umpire is to be appointed; and in the absence of prejudice or injury to the appellant, the lack of opportunity to make his objection to the appointing judge before the appointment, or the fact that he had not had previous notice, is not such a defect in the proceeding as would warrant the vacation of the appointment.

Argued October 4, 1923. Appeal, No. 34, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1923, No. 1244, affirming judgment of county court in the case of George Sapper, Trustee for the Creditors of Elias Jacob, v. J. Sherman Campbell, Frank C. Sturtevant and John J. McGovern, Adjusters. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from judgment of county court. Before SWEARINGEN, REID and KLINE, JJ.

The facts are stated in the opinion of the Superior Court.

The court affirmed the judgment of the county court. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*L. C. Barton,* for appellant.

*John M. Haverty,* for appellees.

OPINION BY HENDERSON, J., December 10, 1923:

The appellant complains of the refusal of the court below to strike off an order appointing an umpire made by one of the judges of the county court on the petition of the representatives of certain insurance companies interested in the adjustment of a fire loss sustained by Elias Jacob, of whose creditors the appellant is trustee.

The appointment was made pursuant to the Act of June 8, 1915, P. L. 919, which provides that in case the insured and the insurer shall fail to agree as to the amount of loss or damage each shall, on written demand of either, select a competent and disinterested appraiser, which appraisers shall first select a competent and disinterested umpire, and failing for fifteen days to agree upon such umpire, then, on request of the insured or the company, such umpire shall be selected by a judge of a court of record in the county in which the property insured is located.

It is conceded that the County Court of Allegheny County is a court of record and that Judge McKENNA was a judge of that court. There is nothing on the record to impeach the regularity of the action of Judge McKENNA. It is true the record shows that the appointment made was by authority of the court, but that may be treated as surplusage. The statute does not in terms require the action of a court on the subject, and the appointment was in fact made by a judge of a court of record.

The objection to the appointment of the umpire was that he was not disinterested, but that subject was reviewed by Judge McKenna and the court after evidence had been taken, sustained the propriety of the appointment.

If we assume that the procedure under the act of assembly referred to is to become a matter of record in the court to which the judge is attached, there is nothing on the record warranting our interference by a reversal. The court to which the petition to vacate the order was presented did not sustain the averments of the appellant's petition and the allegation of impropriety in the appointment therefore failed.

The complaint that the appointment was made ex parte is without weight, inasmuch as appellant was fully heard on the rule to set aside the order. The complainant had his day in court and an opportunity to present any objection which he might have made at the time of the appointment. The statute does not require notice of the time and place when and where the umpire is to be appointed; and, in the absence of prejudice or injury to the appellant, the lack of opportunity to make his objection to the appointing judge, before the appointment or the fact that he had not previous notice, is not such a defect in the proceeding as would warrant the vacation of the appointment.

The appeal is dismissed, and the order affirmed at the cost of the appellant.